US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 2 6 2015

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

KEVIN SPEARS,
      PLAINTIFF

CASE NO. 15-2169

SIMMONS FOODS, INC.,
      DEFENDANT

## COMPLAINT

Comes now the Plaintiff, KEVIN SPEARS, by and through his counsel, Settle & Jernigan, PLLC, and for his Complaint, states as follows:

### Parties and Jurisdiction

1. This matter involves an action to redress employment discrimination, including termination based upon disability in violation of Title VII of the 1964 Civil Rights Act (as amended by the Civil Rights Act of 1991), codified at 42 U.S.C. §2000e, et seq., the Arkansas Civil Rights Act, Ark. Code Ann. §16-23-101, et seq., and the Americans with Disabilities Act, codified as 42 U.S.C. §12111-12117.

2. That the Plaintiff is a resident of Crawford County, Arkansas, who worked for Simmons Foods, Inc. in Van Buren, Crawford County, Arkansas. At all relevant times, Plaintiff has been an "employee" within the meaning of 42 U.S.C. §2000e(f) and the Arkansas Civil Rights Act, Ark. Code Ann. §16-123-101, et seq. That Simmons Foods, Inc. is a domestic for-profit corporation operating in Van Buren, Crawford County, Arkansas. This Court has personal jurisdiction over the parties.

1

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343. This Court has supplemental pendent jurisdiction over the state causes of action set forth in the Complaint.

4. As the events giving rise to this complaint arose within the Court's district, venue is proper pursuant to 28 U.S.C. § 1391(b).

## General Allegations of Fact

5. Plaintiff began working for the Defendant in September of 2011.

6. At all times relevant hereto, Plaintiff performed his job satisfactorily.

7. Plaintiff suffers from a serious medical condition, epilepsy.

8. That the Plaintiff was diagnosed with epilepsy when he was approximately twenty years of age. Plaintiff was prescribed Dilantin, a medication that prevents seizures. In 2013, the Plaintiff was suffering from back pain and was prescribed prescription pain medication. The medication affected the way Dilantin worked and made Plaintiff ill. Plaintiff spoke with his supervisor and explained that he was feeling ill. At that time, Plaintiff's supervisor and representatives from Human Resources advised him to take a few days off work and that he would need a doctor's note to come back to work. Plaintiff then suffered a seizure two days later on or about January 7, 2014. Plaintiff notified his supervisor of the seizure. He saw the Defendant's company physician regarding the problems he was having and was advised to stop taking the pain medication as it worked against the epilepsy medication. Plaintiff did stop taking the pain medication with a return to work approved by the company phsyician. Upon his return to work on January 13, 2014, a human resources employee of Defendant Simmons Foods, Inc.

The Defendant represented his termination was a result of his failure to disclose to his employer that he had epilepsy.

9. As a result of Defendant's termination of the Plaintiff, Plaintiff lost not only an income, but also insurance and other benefits. Plaintiff was unemployed for two months before he was able to secure new employment, where he makes approximately $165.00 per week less than he made previously at Simmons Foods, Inc.

## COUNT I-AMERICANS WITH DISABILITIES ACT

10. Plaintiff realleges the foregoing as if fully set out herein.

11. Defendant employed fifteen or more people for twenty or more work weeks in 2014 in an industry affecting interstate commerce.

12. Plaintiff has a disability in that he has a physical and mental impairment that substantially limits one or more of her major life activities. Specifically, Plaintiff suffers from Epilepsy, which causes seizures and can affect his ability to speak, care for himself, perform manual tasks, walk, concentrate, think, communicate and work because of the physical limitations of the disease such as temporary confusion, staring spells, uncontrollable jerking, loss of consciousness or awareness, psychic symptoms, and memory loss.

13. Defendant denied and interfered with Plaintiff's rights by failing to timely give him notice of his rights, as well as his obligations, under the Americans With Disabilities Act and by terminating him without attempting to make a reasonable accommodation for Plaintiff's disability. Refusal to provide Plaintiff reasonable accommodation and Plaintiff's subsequent termination qualifies as tangible action under the Americans With Disabilities Act.

14. The Defendant is an employer within the meaning of the ADA by virtue of the facts alleged herein. As noted above, Plaintiff was terminated in bad faith, denied reasonable accommodation of his disability, failed to advise him of his rights under the ADA, and subjected Plaintiff to intense emotional, physical, and mental distress.

15. Defendant knew Plaintiff was under a doctor's care, knew it had failed to give Plaintiff notice of his rights under the ADA, but terminated him anyway without consideration of reasonable accomodation. All of Defendant's actions have been willful.

16. As a direct and proximate cause of Defendant's acts or omissions as alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost fringe benefits, lost earning capacity, and has incurred medical expenses which would not otherwise have been incurred.

## COUNT III- ARKANSAS CIVIL RIGHTS ACT

17. Plaintiff realleges the foregoing as if fully set out herein.

18. Defendant discriminated against the Plaintiff by terminating him without attempting to make reasonable accommodation of his disability as required by Arkansas Code Annotated Section 16-123-107.

19. Defendant knew Plaintiff was under a doctor's care, knew that he suffered from a disability, and knew that Defendant could accommodate Plaintiff's disability or failed to make an informed determination that it could not accommodate Plaintiff's disability, but refused to provide accommodation and terminated him anyway. All of Defendant's actions have been willful and have subjected Plaintiff to intense emotional, physical, and mental distress.

4

20. As a direct and proximate cause of Defendant's acts or omissions as alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost fringe benefits, lost earning capacity, and has incurred medical expenses which would not otherwise have been incurred.

## COUNT IV-BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING

21. Plaintiff realleges the foregoing as if fully set out herein.

22. Plaintiff was treated differently and unfairly as compared to other employees in Defendant's employ.

23. That Defendant's acts as set out herein constitute a breach of the covenant of good faith and fair dealing implied in all employer-employee relationships under Arkansas law.

24. As a result of Defendant's breach, the Plaintiff has suffered compensatory and consequential damages, including but not limited to lost wages, lost fringe benefits, lost earning capacity, and has incurred medical expenses which would not otherwise have been incurred.

## COUNT V-WRONGFUL TERMINATION

25. Plaintiff realleges the foregoing as if fully set out herein.

26. Arkansas is an at-will employment state, but the actions of the Defendant as set out herein constitute an exception to the at-will doctrine.

27. That Defendant's acts as set out herein constitute a wrongful termination under the public policy exception recognized by the Arkansas Supreme Court in that it is against public policy to terminate an employee because of their request for accommodation of their disability.

28. As a result of Defendant's wrongful conduct, the Plaintiff has suffered compensatory and consequential damages, including but not limited to lost wages, lost fringe benefits, lost earning capacity, and has incurred medical expenses which would not otherwise have been incurred.

## COUNT VI-BREACH OF CONTRACT CLAIM

29. Plaintiff realleges the foregoing as if fully set out herein.

30. That the employment manual given to the Plaintiff by the Defendant constitutes a contract between the parties. The employment manual is currently in the possession of Defendant and Plaintiff is unable to attach a copy to the instant Complaint.

31. That the Defendant breached said agreement by terminating the Plaintiff in violation of the policy set out in the manual. That the Defendant is in possession of said manual and the Plaintiff is unable to produce a copy to attach to the instant pleading.

32. As a result of Defendant's wrongful conduct, the Plaintiff has suffered compensatory and consequential damages, including but not limited to lost wages, lost fringe benefits, lost earning capacity, and has incurred medical expenses which would not otherwise have been incurred.

### Jury Demand

33. That the Plaintiff respectfully demands a jury trial on all issues.

### Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

(a) back pay;

(b) front pay or reinstatement;

(c) compensatory and liquidated damages;

(d) for a jury trial of all issues so triable;

(e) for an injunction requiring Defendant to remove all adverse employment information from his personnel file;

(f) for a positive employment recommendation;

(g) for a declaratory judgment that Defendant's acts and omissions have violated the the ADA, and/or the Arkansas Civil Rights Act, and/or the Covenant of Good Faith and Fair Dealing, and/or the public policy exception of Wrongful Termination under Arkansas law;

(h) for injunction requiring Defendant to implement the ADA;

(i) for punitive damages; and

(i) for reasonable attorneys' fees, for his costs, and for all other proper relief.

Respectfully Submitted on Behalf of:

KEVIN SPEARS, Plaintiff

By: _____
Candice A. Settle
SETTLE & JERNIGAN, PLLC
Arkansas Bar #98039
2501 Fayetteville Road
P.O. Box 1695
Van Buren, AR 72957
(479) 474-0700
(479) 474-0753 FAX