# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS

KEVIN SPEARS )
 )
      **Plaintiff,** )    Case No: 2:15-cv-02169-PKH
 )
v. )
 )
SIMMONS FOODS, INC. and )
SIMMONS PREPARED FOODS, INC. )
 )
      **Defendants.** )

## SEPARATE DEFENDANT SIMMONS PREPARED FOODS, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Comes now the Separate Defendant, Simmons Prepared Foods, Inc. ("SPFI"), and for its Answer to Plaintiff's Amended Complaint, states as follows:

1. The allegations contained in Paragraph 1 of the Amended Complaint are arguments of law, not allegations of fact, and therefore no response is necessary. To the extent a response is necessary, Paragraph 1 is denied and SPFI further denies it has any liability herein.

2. With respect to the allegations contained in Paragraph 2 of the Amended Complaint, SPFI admits Simmons Foods, Inc. is a domestic for-profit corporation and that this Court. SPFI further admits that it is a domestic for-profit corporation that does business in Van Buren, Crawford County, Arkansas. SPFI further admits that the Court has personal jurisdiction over the parties. The remaining allegations contained in Paragraph 2 are denied.

3. Paragraph 3 of the Amended Complaint is admitted.

4. With respect to the allegations contained in Paragraph 4 of the Amended Complaint, SPFI admits that venue is proper in this Court.

5. With respect to the allegations contained in Paragraph 5 of the Amended Complaint, SPFI denies that Plaintiff was employed by Simmons Foods. SPFI admits that it was

1

the employer of Plaintiff. SPFI admits that Todd Simmons is currently the President of both Simmons Foods and SPFI. SPFI denies the remainder of the allegations set forth in Paragraph 5 of the Amended Complaint as stated.

6. Paragraph 6 of the Amended Complaint is denied.

7. With respect to Paragraph 7 of the Amended Complaint, SPFI lacks sufficient information or knowledge to either admit or deny the allegations contained therein.

8. With respect to the allegations contained in Paragraph 8 of the Amended Complaint, SPFI denies any and all allegations that the Plaintiff was its employee or that there was an employer-employee relationship between Plaintiff and Simmons Foods. SPFI lacks sufficient information or knowledge to either admit or deny the remaining allegations contained therein, and therefore denies the same.

9. Paragraph 9 of the Amended Complaint is denied.

## COUNT I – AMERICANS WITH DISABILITIES ACT

10. With respect to Paragraph 10 of the Amended Complaint, SPFI restates and incorporates herein by reference its responses to Paragraphs 1 through 9 of the Amended Complaint.

11. Paragraph 11 of the Amended Complaint is admitted.

12. With respect to Paragraph 12 of the Amended Complaint, SPFI lacks sufficient information or knowledge to either admit or deny the allegations contained therein.

13. Paragraph 13 of the Amended Complaint is denied.

14. Paragraph 14 of the Amended Complaint is denied.

15. Paragraph 15 of the Amended Complaint is denied.

16. Paragraph 16 of the Amended Complaint is denied.

## COUNT III [SIC] – ARKANSAS CIVIL RIGHTS ACT

17. With respect to Paragraph 17 of the Amended Complaint, SPFI restates and incorporates herein by reference its responses to Paragraphs 1 through 16 of the Amended Complaint.

18. Paragraph 18 of the Amended Complaint is denied.

19. Paragraph 19 of the Amended Complaint is denied.

20. Paragraph 20 of the Amended Complaint is denied.

## COUNT IV – BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING

21. With respect to Paragraph 21 of the Amended Complaint, SPFI restates and incorporates herein by reference its responses to Paragraphs 1 through 20 of the Amended Complaint. Furthermore, SPFI incorporates its Motion to Dismiss and Brief in Support filed contemporaneously herewith into its response to this cause of action.

22. Paragraph 22 of the Amended Complaint is denied.

23. Paragraph 23 of the Amended Complaint is denied.

24. Paragraph 24 of the Amended Complaint is denied.

## COUNT V – WRONGFUL TERMINATION

25. With respect to Paragraph 25 of the Amended Complaint, SPFI restates and incorporates herein by reference its responses to Paragraphs 1 through 24 of the Amended Complaint. Furthermore, SPFI incorporates its Motion to Dismiss and Brief in Support filed contemporaneously herewith into its response to this cause of action.

26. Paragraph 26 of the Amended Complaint is denied.

27. Paragraph 27 of the Amended Complaint is denied.

28. Paragraph 28 of the Amended Complaint is denied.

## COUNT VI – BREACH OF CONTRACT

29. With respect to Paragraph 29 of the Amended Complaint, SPFI restates and incorporates herein by reference its responses to Paragraphs 1 through 28 of the Amended Complaint.

30. Paragraph 30 of the Amended Complaint is denied.

31. Paragraph 31 of the Amended Complaint is denied.

32. Paragraph 32 of the Amended Complaint is denied.

33. With respect to the allegations in Paragraph 33 of the Amended Complaint, no response is necessary.

34. Unless specifically admitted herein, any and all allegations set forth in the Amended Complaint are denied. SPFI further denies that the Plaintiff is entitled to the relief he seeks in his Amended Complaint.

## AFFIRMATIVE DEFENSES

SPFI asserts the following affirmative defenses, subject to a determination of whether such are in fact affirmative defenses or whether they are part of Plaintiff's burden of proof in this matter.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. SPFI asserts that the claims in Plaintiff's Complaint are barred, in whole or part, by the failure to exhaust administrative remedies.

3. SPFI asserts that the claims in Plaintiff's Complaint are barred, in whole or part, by the applicable statute of limitations.

4. SPFI asserts that the claims in Plaintiff's Complaint are barred, in whole or part, by the applicable statute of frauds.

5. Plaintiff's claims are barred in whole or in part because the acts complained of did not constitute discrimination.

6. Plaintiff's claims are barred in whole or part because she was at all times an at-will employee with no contractual right to continued employment.

7. Any actions taken by SPFI relating to the employment of Plaintiff were taken for legitimate business reasons totally unrelated to the allegations in Plaintiff's Complaint.

8. SPFI is not liable for the alleged discriminatory actions of its managerial agents, the occurrence of which SPFI denies, because they are contrary to SPFI's good faith efforts to comply with the laws prohibiting discrimination and retaliation.

9. There is no causal connection between any alleged discriminatory conduct as set forth in the Complaint and Plaintiff's employment status.

10. The proximate cause of Plaintiffs damages, if any, was the conduct of Plaintiff and not that of SPFI.

11. The claims asserted in the Complaint are barred, in whole or part, by Plaintiff's failure to mitigate damages.

12. SPFI asserts that the claims in Plaintiff's Complaint are barred, in whole or part, by the doctrines of laches, waiver, unclean hands, and estoppel.

13. SPFI reserves the right to file a motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, including a motion to dismiss based upon insufficiency of process, insufficiency of service of process, and failure to state facts upon which relief can be granted.

14. SPFI reserves its right to assert any additional affirmative defenses which may come to its attention during the course of these proceedings.

WHEREFORE, having answered, Separate Defendant, Simmons Prepared Foods, Inc., respectfully requests that Plaintiff's Amended Complaint be denied and dismissed with prejudice; for its costs and attorneys' fees incurred herein; and for all other relief to which it may be entitled to receive.

Respectfully submitted,

SIMMONS PREPARED FOODS, INC.
Separate Defendant

By: */s/ Kerri E. Kobbeman*
Todd P. Lewis
Ark. Bar No. 96226
Kerri E. Kobbeman
Ark. Bar No. 2008149
Conner & Winters, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, Arkansas 72703
Telephone: 479-582-5711
Facsimile: 479-587-1426
E-mail: tlewis@cwlaw.com

**CERTIFICATE OF SERVICE**

I, Kerri E. Kobbeman, hereby certify I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing which will send notification of filing to all counsel of record.

This the 16th day of December, 2015.

*/s/ Kerri E. Kobbeman*
Kerri E. Kobbeman